DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| **FIRSTBANK PUERTO RICO,** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 2008-70 |
| **JAYMO PROPERTIES, LLC, FRED JAY BENDER and MELISSA MARY BENDER,** | ) ) ) ) | |
| Defendants. | ) ) | |

ATTORNEYS:

**Justin K. Holcombe, Esq.**
Dudley Topper & Feuerzeig
St. Thomas, U.S.V.I.
   *For the plaintiff.*

**Jaymo Properties, LLC**
   *Pro se defendant.*

**Fred Jay Bender**
   *Pro se defendant.*

**Melissa Mary Bender**
   *Pro se defendant.*

## ORDER

**GÓMEZ, C.J.**

Before the Court is the motion by the plaintiff, FirstBank Puerto Rico ("FirstBank"), for attorneys' fees and costs.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On or about February 18, 2005, Fred Jay Bender and Melissa Mary Bender ("the Benders"), individually and as members of Jaymo Properties, LLC ("Jaymo"), executed a Power of Attorney in favor

of Roger Harland ("Harland"). Thereafter, Harland, as attorney-in-fact for the Benders, executed and delivered to FirstBank Puerto Rico ("FirstBank") a promissory note in which the Benders promised to pay FirstBank the principal sum of $211,250 plus interest (the "Note"). The loan was to be repaid in monthly installments commencing on April 1, 2005.

As security for the repayment of the Note, Harland, as attorney-in-fact for the Benders and Jaymo, executed a mortgage ("Mortgage") in favor of FirstBank upon the property known as Parcel No. 3-5B Estate Pastory, No. 5A Cruz Bay Quarter, St. John, Virgin Islands also known as D9-7749-T004 ("the Property"). Title to the Property was held by Jaymo.

Thereafter, the Benders were in default under the terms of the Note by failing to fulfill their payment duties under the Note. FirstBank made demand upon the Benders to cure their default. The Benders did not cure. As such, FirstBank commenced this debt and foreclosure action in May, 2008, against the defendants, Jaymo and the Benders.

The Clerk of Court entered default against the defendants on October 9, 2008.

Subsequently, on January 26, 2009, FirstBank moved for default judgment against the defendants. In a May 15, 2009, Order, this Court denied that motion. FirstBank appealed. The United States Court of Appeals for the Third Circuit vacated the Court's May 15, 2009, Order and remanded for proceedings

consistent with its opinion.

The Court held a hearing on FirstBank's motion for default judgment. Thereafter, the Court entered default judgment in FirstBank's favor on August 26, 2011.

Subsequently, the Property was sold during a February 27, 2012, Marshal's Sale.

On July 3, 2012, FirstBank filed a motion for an order confirming sale. That same day, FirstBank filed the instant motion for attorneys' fees and costs. FirstBank seeks attorneys' fees and costs incurred from April 29, 2008, until March 14, 2012. Specifically, it seeks $32,451.50 in attorneys' fees and $3,622.92 in costs. There was no opposition filed.

On December 7, 2012, the Magistrate issued an order confirming the sale of the Property.

Subsequently, on January 9, 2013, the Court entered an order providing that "FirstBank shall, at a hearing on January 31, 2013, at 9:30 a.m., show cause why its fee petition, insofar as it seeks recompense for pre-judgment fees and costs, should not be denied as untimely." (ECF No. 32.) Pursuant to that order, the Court held a hearing on January 31, 2013.

## II. DISCUSSION

Title 5, section 541 of the Virgin Islands Code ("section 541") provides, in pertinent part:

> Costs which may be allowed in a civil action include:

>> (1) Fees of officers, witnesses, and jurors;
>>
>> (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
>>
>> (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
>>
>> (4) Compensation of a master as provided in rule 53 of the Federal Rules of Civil Procedure;
>>
>> (5) Necessary expenses of copying any public record, book, or document used as evidence in the trial; and
>>
>> (6) Attorney's fees as provided in subsection (b) of this section.

V.I. Code Ann. tit. 5, § 541(a) (1986).

Section 541 also authorizes the award of attorneys' fees "to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." V.I. Code Ann. tit. 5, § 541(b) (1986).

To determine a fair and reasonable award of attorneys' fees, the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation. *Lemper v. Singer*, 29 V.I. 169, 172-73 (D.V.I. 1993). *See also Morcher v. Nash*, 32 F. Supp. 2d 239, 241 (D.V.I. 1998). Reasonable attorneys' fees may include charges for work

that was "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Del. Valley Citizens' Council for Clear Air*, 478 U.S. 546, 561 (1986). *See also Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir. 1993) (noting that reasonable attorneys' fees may include charges for measures necessary to enforce district court judgments as well as other charges "reasonably expended" to advance the litigation).

### III. ANALYSIS

**A. Timeliness**

Federal Rule of Civil Procedure 54 provides that a motion for attorneys' fees "must . . . be filed no later than 14 days after the entry of judgment . . . ." Fed. R. Civ. P. 54(d)(2)(B). Local Rule of Civil Procedure 54.1 further provides that "Within thirty days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party and file with the Clerk of the Court a Bill of Costs . . . ." LRCi 54.1(a).

A default judgment is quintessentially a final judgment. *See, e.g., Schuldiner v. K Mart Corp.*, 284 Fed. App'x 918, 921 (3d Cir. 2008) ("It has long been determined that a default judgment is a final judgment with *res judicata* effect."). As such, a fee petition seeking recompense for work done to secure a default judgment is due no later than 14 days following entry of

the default judgment. *See* Fed. R. Civ. P. 54(d)(2)(B). A petition for costs is due no later than 30 days following entry of the default judgment. LRCi 54.1(a).

During the January 31, 2013, show cause hearing, counsel for FirstBank cited *Thompson v. Florida Wood Treaters, Inc.*, 2012 WL 5374175 (D.V.I. Nov. 1, 2012), in support of its tardy fee petition. In *Thompson*, the fee petition was due by Sunday, December 20, 2009. The Court noted that, according to Federal Rule of Civil Procedure 6(a)(1)(C), "the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." As such, the Court explained that the fee petition was due by Monday, December 21, 2009. The movant filed its petition on the Monday due date. Thereafter, the Clerk of the Court instructed the movant to re-file its petition in a format which conformed to the applicable local rule. Pursuant to that instruction, the movant filed a substantively identical, yet conforming petition on Tuesday, December 22, 2009. As the delay was prompted by the Court, the Court found that the petition was timely filed, and that any delay was harmless.

Here, default judgment was entered on August 26, 2011. As such, the fee petition was due by September 9, 2011. *See* Fed. R. Civ. P. 54(d)(2)(B)(providing that a motion for attorneys' fees "must . . . be filed no later than 14 days after the entry of judgment. . . ."). The cost petition was due by September 25, 2011. *See* LRCi 54.1(a). Nonetheless, FirstBank's motion for fees

*FirstBank v. Jaymo, et al.*
Civil No. 2008-70
Order
Page 7

was not filed until July 3, 2012 – more than nine months after the fee and cost petition due dates.

Significantly, FirstBank does not point to any clerical error or administrative prompting which likens its delay in filing to the excusable delay which occurred in *Thompson*. Moreover, FirstBank fails to proffer any other that rises to the level of excusable neglect.[1] Furthermore, FirstBank did not seek an extension of the filing period. Accordingly, to the extent that FirstBank seeks costs and fees incurred up to the date of entry of the August 26, 2011, default judgment, its request is untimely.

**B. Post Judgment Costs and Fees**

FirstBank seeks an award of costs of approximately $1,967 for faxing, publishing, and filing expenses, and attachment fees incurred after default judgment was entered. Some of the filing

---

[1] During the January 31, 2013, hearing, FirstBank asserted that the Court's August 26, 2011, Default Judgment functioned as an order which extended the deadline for filing a fee petition, as is permitted by the applicable procedural rule. *See* Fed. R. Civ. P. 54(d)(2)(B) ("*Unless a statute or court order provides otherwise*, the motion must: be filed no later than 14 days after the entry of judgment") (emphasis added).

A review of the August 26, 2011, Default Judgment makes it clear that nothing therein functioned as a waiver or extension of the 14 day filing period. Indeed, the Judgment provides that

> . . . the aforesaid liens shall be foreclosed and that the Property shall be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale; and then toward satisfaction of this Judgment in favor of FirstBank, *including any costs and attorneys' fees, that may be awarded upon application*. . .

(ECF No. 25, 5) (emphasis added). As such, FirstBank's argument fails.

expenses for which FirstBank seeks recompense include $50 for filing its complaint, $455 for filing its notice of appeal, and $450 for filing a petition for writ of mandamus. "[T]he general federal caselaw rule [is] that there is no fee or cost shifting except as authorized by statute or rule." *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1224 (3d Cir. 1995) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240 (1975)). Section 541(a) does not authorize the award of costs for expenses associated with obtaining various writs or documents, or payment of any attachment fee. Further, Section 541(a) does not authorize the award of costs for faxing. Thus, the Court will subtract such costs from the total award.

FirstBank also seeks reimbursement for postage and photocopying expenses. Postage expenses are only awardable when incurred in publishing the summons or notices. *See* V.I. CODE ANN. tit. 5, § 541(a)(3) (1986). Counsel for FirstBank provides no itemized listing of its publication costs apart from general postage expenses. Further, copying costs are only awardable when the document is "used as evidence in the trial . . . ." *Id.* at § 541(a)(5). Since the only costs at issue here were incurred after judgment, there can be no compensable photocopying costs. Thus, such claimed costs are not awardable under section 541.

Additionally, FirstBank seeks approximately $2,869 in attorneys' fees for 20.5 hours of legal work. Applying the standards outlined above, the Court finds that only a portion of

*FirstBank v. Jaymo, et al.*
Civil No. 2008-70
Order
Page 9

the attorneys' fees claimed by FirstBank were reasonably expended.

For instance, the Court notes that a few of the entries feature a list of varied activities. For instance, there is an entry with the following detail:

> Telephone call from S. Brown re: pick up notice of marshal's sale; staff conference with M. Nelson re: same; scan and e-mail notice of marshal's sale to P. Edwards, H. Thomas, D. Perry, E. Maynard and J. Holcombe; prepare facsimile to Daily News re: publication of notice of marshal's sale; draft and finalize letter to Jaymo Properties, F. Bender, M. Bender and W. Morales re: notice of marshal's sale.

(Matter Ledger Report 7, ECF No. 29-3). The entry shows 2.5 hours billed at a value of $325. The lumping of activities in this way is disfavored. *See Good Timez, Inc. v. Phoenix Fire and Marine Ins. Co.*, 754 F. Supp. 459, 463 n.6 (D.V.I. 1991). To the extent that the Court considers the time associated with a lumped entry to exceed the time reasonable for the completion of those various tasks, the Court will reduce the fees associated with such entries.

The premises considered, it is hereby

**ORDERED** that the Benders and Jaymo shall be jointly and severally liable for attorneys' fees in the amount of $2,100 and costs in the amount of $1,470.92.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**